UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD TRAHANT, *et al.* | CIVIL ACTION |
| VERSUS | NO. 23-2053 |
| MARK A. MINTZ, *et al.* | SECTION M (2) |

# **ORDER**

Before the Court is the request of defendants Mark A. Mintz, Jones Walker, LLP, and Donlin Recano & Company, Inc. (collectively, "Defendants") for reference of this case to the bankruptcy judge under Local Rule 83.4.1 and the general order of reference.[1]

Plaintiffs Richard and Amy Trahant filed this suit in state court, asserting claims for abuse of process, intentional and negligent infliction of emotional distress, and loss of consortium in connection with the Defendants' service of an order issued by the bankruptcy judge.[2] The Defendants removed the case to this Court based in part upon bankruptcy subject-matter jurisdiction under 28 U.S.C. § 1334(b) because, they say, plaintiffs' "claims arise in a case under title 11 and implicate core proceedings."[3] Thereafter, plaintiffs filed a motion to remand the case back to state court, contending that either mandatory or permissive abstention applied.[4] The motion to remand remains pending.

Having considered the Defendants' request for referral, the record, and the applicable law and rules of court, this Court has determined that the most efficient course of action for the administration of justice, in general, and this case, in particular, is to refer the case to the

---

[1] R. Doc. 11.
[2] R. Docs. 1-1; 1-4.
[3] R. Doc. 1.
[4] R. Docs. 9; 9-1.

bankruptcy judge for determination in the first instance of the issues raised by the motion to remand.  At bottom, the case was removed on grounds of bankruptcy jurisdiction because the plaintiffs' claims revolve around the interpretation, implementation, and enforcement of an order of the bankruptcy court.  It appears to this Court, then, that the notice of removal invokes federal bankruptcy jurisdiction because the plaintiffs' claims constitute either a core proceeding, *see, e.g.*, *In re Lowenbraun*, 453 F.3d 314, 321 (6th Cir. 2006) (classifying a state-law action as a core proceeding because the complained-of conduct would not have arisen but for duties discharged by the defendant, court-appointed counsel of the trustee, in the administration of the bankruptcy estate); *Hadi v. McCune Wright Anevalo LLP*, 2018 WL 6675622, at *8-10 (C.D. Cal. Dec. 17, 2018) (concluding that because plaintiff's claims "could not have existed in the absence of the [b]ankruptcy [a]ction," they constitute a core bankruptcy proceeding), or, at least, a proceeding related to a title 11 case.  *See*, *e.g.*, *Lawrence v. Goldberg*, 573 F.3d 1265, 1270-71 (11th Cir. 2009) (concluding that claims against a trustee and the trustee's professionals for administrative-type acts are at least "related to" the bankruptcy proceeding); *Helmer v. Pogue*, 2012 WL 5231153, at *4-6 (N.D. Ala. Oct. 22, 2012) (same, as for claims against a debtor-in-possession and his counsel for administrative-type acts).  *See also In re Burch*, 835 F. App'x 741, 748 (5th Cir. 2021) ("A bankruptcy court maintains 'jurisdiction to interpret and enforce its own prior orders.'") (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009)).  However, the determination of these threshold issues, as raised by the motion to remand, are left to the bankruptcy judge, who is well-equipped to address such matters (notwithstanding this Court's preliminary observations) given the bankruptcy court's thorough familiarity with bankruptcy proceedings and its gatekeeping function under the *Barton* doctrine, which vests only the bankruptcy court with the authority to grant leave for the pursuit of any claims directed against officials appointed by the bankruptcy

court concerning acts done in their official capacity.  *See*, *e.g.*, *In re Highland Cap. Mgmt., L.P.*, 48 F.4th 419, 439 (5th Cir. 2022) (discussing and applying *Barton v. Barbour*, 104 U.S. 126 (1881)), *petitions for cert. filed*, No. 22-631 (U.S. Jan. 9. 2023), *and* No. 22-669 (U.S. Jan. 20, 2023); *Villegas v. Schmidt*, 788 F.3d 156, 159 (5th Cir. 2015).  As the *Highland Capital* court described its holding in *Villegas*, "we left to the bankruptcy court, faced with pre-approval of a claim, to determine whether it had subject matter jurisdiction over that claim in the first instance," meaning that this Court (like the Fifth Circuit in *Highland Capital*) "need not evaluate whether the bankruptcy court would have jurisdiction under every conceivable claim falling under the widest interpretation of the gatekeeper provision" but can "leave that to the bankruptcy court in the first instance." *Highland Cap.*, 48 F.4th at 439.  This manner of proceeding is both sound, in that it achieves efficiency in the administration of justice, and necessary, in light of the bankruptcy court's special interest and charge under the *Barton* doctrine.  Accordingly,

IT IS ORDERED that this case is REFERRED to the bankruptcy court for all purposes, including, but not limited to, disposition of the pending motion to remand (R. Doc. 9) and consideration of the *Barton* doctrine's gatekeeping issues as raised in the request for reference (R. Doc. 11).

New Orleans, Louisiana, this 14th day of July, 2023.

*[signature]*
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE