UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD TRAHANT, *et al.*                      CIVIL ACTION

VERSUS                                          NO. 23-2053

MARK A. MINTZ, *et al.*                         SECTION M (2)

**ORDER & REASONS**

Before the Court is the motion of plaintiffs Richard C. Trahant and Amy O. Trahant for reconsideration or, alternatively, withdrawal of the Court's referral of the captioned matter to the bankruptcy court.[1]   Defendants Mark A. Mintz, Jones Walker, LLP, and Donlin Recano & Company, Inc. (collectively, "Defendants") respond in opposition,[2] and plaintiffs reply in further support of their motion.[3]   Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion because referral of the action was appropriate pursuant to the bankruptcy court's gatekeeping function under the *Barton* doctrine.

I.     **BACKGROUND**

Plaintiffs filed this suit in state court, asserting claims for abuse of process, intentional and negligent infliction of emotional distress, and loss of consortium, all in connection with the Defendants' service of an order issued by the bankruptcy judge in the pending bankruptcy case filed by the Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese").[4] Defendants removed the action to this Court based in part upon bankruptcy subject-matter jurisdiction under 28 U.S.C. § 1334(b), because, they say, plaintiffs' "claims arise in a case under

---

[1] R. Doc. 13.
[2] R. Doc. 14.
[3] R. Doc. 17.
[4] R. Docs. 1-1; 1-4.

title 11 and implicate core proceedings."[5]   Thereafter, plaintiffs filed a motion to remand the case back to state court, contending that either mandatory or permissive abstention applied.[6]   The motion to remand remains pending.  Defendants then filed a request for reference to the bankruptcy court under Local Rule 83.4.1 and the district's general order of reference.[7]   The Court, in its July 14, 2023 Order (the "Order of Reference"), referred the action upon finding that plaintiffs' claims implicated the bankruptcy court's gatekeeping function under the *Barton* doctrine.[8]   Plaintiffs' motion for reconsideration or, alternatively, withdrawal of the Order of Reference followed.[9]

## II.    PENDING MOTION

In their motion, plaintiffs argue that reconsideration or withdrawal of the Court's Order of Reference is warranted because it was manifestly erroneous for the Court to refer their personal injury claims to the bankruptcy court.[10]   This is because, say plaintiffs, personal injury claims are categorically excluded from the provisions of the bankruptcy referral statute, 28 U.S.C. § 157.[11]   Plaintiffs also claim that the Court should reconsider the referral given that they were unable to contest the Defendants' request for such relief before the referral occurred.[12]   Alternatively, plaintiffs assert that the referral should be withdrawn because the matter is neither a core proceeding nor related to any bankruptcy proceeding.[13]   In addition, they contend that withdrawal is appropriate because "neither the plaintiffs nor the defendants are parties to the bankruptcy proceeding[,] ... [and] the interests of judicial economy, uniformity in bankruptcy administration,

---

[5] R. Doc. 1 at 6.
[6] R. Docs. 9; 9-1.
[7] R. Doc. 11.
[8] R. Doc. 12.
[9] R. Doc. 13.
[10] R. Doc. 13-1 at 8-9.
[11] *Id.*
[12] *Id.* at 6.
[13] *Id.* at 9-10.

the economical use of the parties' resources, the effect of withdrawal on the goal of expediting the bankruptcy process, and forum shopping are not served by the referral to bankruptcy."[14]

In opposition, Defendants argue that, because plaintiffs' claims effectively challenge the Defendants' interpretation or execution of an order of the bankruptcy judge, the matter necessarily "arises in" title 11 or at least relates to a proceeding under title 11 such that the Court has bankruptcy subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(b).[15]  Thus, say Defendants, the Court did not err in referring the action to the bankruptcy court as it amounts to a "collateral attack" upon an order or orders of that court.[16]  Moreover, Defendants contend that the "Court followed the proper procedure in referring the case" upon their *ex parte* request because such a request "need not be set for submission and adversarial briefing on the front end," but may be challenged via a motion to withdraw the reference.[17]  But, in this regard, Defendants urge that withdrawal of the reference is not warranted here because (1) the matter is a "core proceeding with a special relationship" to the Archdiocese's pending chapter 11 bankruptcy case; (2) policy considerations – particularly, the *Barton* doctrine – caution against withdrawal of the reference; and (3) the referral statute does not preclude the Court from referring matters involving personal injury claims to the bankruptcy court for pretrial proceedings.[18]

In reply, plaintiffs reassert that their suit does not relate to a case under title 11, notwithstanding their concession that "factual disputes in this matter require reference to certain orders issued in the bankruptcy case."[19]  Further, according to plaintiffs, the *Barton* doctrine does not apply where, as here, personal injury tort claims have been brought by and against non-parties

---

[14] *Id.*
[15] R. Doc. 14 at 1-6 & n.15.
[16] *Id.* at 5-6.
[17] *Id.* at 7-8.
[18] *Id.* at 9-17.  Defendants also dispute whether plaintiffs' claims are properly characterized as "'personal injury tort' claims that would require a trial in the district court."  *Id.* at 16.
[19] R. Doc. 17 at 1.

to the purportedly related bankruptcy case.[20]   Finally, plaintiffs state that no other policy considerations justify the Court's referral of the action to the bankruptcy court and, so, the referral should be withdrawn.[21]

## III.   LAW & ANALYSIS

### A.   Whether Reversal of the Order of Reference is Warranted

#### 1.   The Standard

Plaintiffs concede, and the Court agrees, that they seek reconsideration of an interlocutory order – specifically, the Court's Order of Reference to the bankruptcy court.[22]   Reconsideration of interlocutory orders is governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (quotation omitted).   Unlike motions to alter or amend a judgment under Rule 59(e), "'Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'"  *Id.*

---

[20] *Id.* at 2-4.

[21] *Id.* at 4-6.  Plaintiffs also reject Defendants' contention that their claims are not the type of personal injury tort claims that must be tried before the district court.  *Id.* at 5-6.

[22] R. Doc. 13-1 at 6-7.  Plaintiffs correctly cite Rule 54(b) of the Federal Rules of Civil Procedure but apply the stricter standard applicable to motions to alter or amend a judgment under Rule 59(e). *Id.* at 7.  Regardless, because plaintiffs' motion fails under the significantly more lenient Rule 54(b) standard, it necessarily falls short when evaluated under Rule 59(e).  *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017) (contrasting the Rule 54(b) and 59(e) standards).

at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)).  However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays.  *See Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993) (observing that, if "the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] the cycle of reconsideration would be never-ending"); *Domain Prot., LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("although a district court *may* revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis in original; alteration and quotation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019).

### 2.  Analysis

At the outset, it must be noted that, contrary to plaintiffs' position, the Court was under no obligation to afford them an opportunity to oppose the Defendants' request to refer the action to the bankruptcy court.  Generally, under the Local Rules for the Eastern District of Louisiana, cases under title 11 or arising in or related to title 11 are *automatically* referred to the bankruptcy court, in accordance with the referral statute, 28 U.S.C. § 157.  LR 83.4.1.  Further, the Local Rules provide that, should a party wish to contest the district court's referral of the matter, a motion to withdraw the reference must first be filed with the clerk of the bankruptcy court.  *See* LR 83.4.3(A)(1)-(2).  And, even assuming (but not deciding) that plaintiffs' claims are properly characterized as personal injury tort claims within the meaning of the Bankruptcy Code, the General Order of Reference promulgated by the Eastern District of Louisiana permits (but does not require) the district court to refer such claims to the bankruptcy court except for purposes of

trial. *See* Gen. Order of Reference ¶ 1(B) (E.D. La. Apr. 22, 2021).  Nevertheless, in an abundance

of caution, and given the parties' tacit understanding that plaintiffs would be able to file an

opposition to the Defendants' request for referral,[23] the Court now reviews plaintiffs' objections

to the Court's Order of Reference.[24]

     Turning to the propriety of referral, the Court again concludes that reference to the

bankruptcy court for the determination of certain pretrial issues (including subject-matter

jurisdiction) in the first instance is appropriate where plaintiffs' claims and their pending motion

to remand implicate the bankruptcy court's gatekeeping function under the *Barton* doctrine.  As

the Fifth Circuit has explained:

> Courts have long recognized bankruptcy courts can perform a gatekeeping
> function.  Under the "*Barton* doctrine," the bankruptcy court may require a party to
> "obtain leave of the bankruptcy court before initiating an action in district court
> when the action is against the trustee or other bankruptcy-court-appointed officer,
> for acts done in the actor's official capacity."  *Villegas v. Schmidt*, 788 F.3d 156,
> 159 (5th Cir. 2015)[;] ... *accord Barton v. Barbour*, 104 U.S. 126, 26 L. Ed. 672
> (1881).  In *Villegas*, we held "that a party must continue to file with the relevant
> bankruptcy court for permission to proceed with a claim against the trustee."  788
> F.3d at 158.  Relevant here, we left to the bankruptcy court, faced with pre-approval
> of a claim, to determine whether it had subject matter jurisdiction over that claim
> in the first instance.  *Id.* at 158–59; *see, e.g., Carroll v. Abide*, 788 F.3d 502, 506-
> 07 (5th Cir. 2015) (noting *Villegas* "rejected an argument that the *Barton* doctrine
> does not apply when the bankruptcy court lacked jurisdiction").  In other words, we
> need not evaluate whether the bankruptcy court would have jurisdiction under every
> conceivable claim falling under the widest interpretation of the gatekeeper
> provision.  We leave that to the bankruptcy court in the first instance.

*In re Highland Cap. Mgmt., L.P.*, 48 F.4th 419, 439 (5th Cir. 2022) (footnotes omitted), *petitions*

*for cert. filed*, No. 22-631 (U.S. Jan. 9, 2023), *and* No. 22-669 (U.S. Jan. 20, 2023).  Here, plaintiffs

---

[23] R. Doc. 13-2 at 1-3.

[24] In doing so, the Court notes that, *prior* to issuing the Order of Reference, it was aware of the parties' positions concerning bankruptcy subject-matter jurisdiction under 28 U.S.C. § 1334(b), as expressed in their filings with respect to the motion to remand.  *See* R. Docs. 1; 9.  Thus, in referring the claims, the Court necessarily examined whether plaintiffs' claims are of the type that *can* be referred.  R. Doc. 12 at 2 (tentatively observing that plaintiffs' claims constitute either a core proceeding or, at least, a proceeding related to a title 11 case, and collecting authorities).

have brought claims against counsel for the Archdiocese and its court-authorized claims-and-notice agent for their allegedly tortious interpretation and execution of an order of the bankruptcy court that was issued in connection with the Archdiocese's pending chapter 11 case. Plaintiffs have offered no evidence of their having sought approval from the bankruptcy judge to pursue these claims against court-appointed officers for their actions to comply with an order of the bankruptcy court. Therefore, having considered (or reconsidered) plaintiffs' objections to the Order of Reference, the Court finds no reason to alter its prior decision to refer this matter to the bankruptcy court, based as it was on the *Barton* doctrine. And relatedly, under its gatekeeping function, the bankruptcy court is empowered to determine – in the first instance – whether subject-matter jurisdiction exists, and so it may properly adjudicate plaintiffs' motion to remand. *See Villegas*, 788 F.3d at 158-59; *Carroll*, 788 F.3d at 506-07. Thus, plaintiffs' contention that reversal or withdrawal of the reference is proper because the action fails even to invoke "related to" jurisdiction under 28 U.S.C. § 1334(b) is inapposite.

Finally, plaintiffs argue that it was erroneous for the Court to refer the action based on 28 U.S.C. § 157(b)(5) and Local Rule 83.4.1, which require "personal injury tort and wrongful death claims" to be tried in the district court. But their argument is belied by those very authorities, which only require that personal injury tort claims be tried in the district court, not that the district court handle all pretrial matters. Hence, courts across the country have concluded that the provisions of § 157(b) do not prevent the referral of personal injury tort claims to the bankruptcy court for resolution of certain pretrial issues. *See, e.g.*, *In re Promise Healthcare Grp., LLC*, 2023 WL 3026715, at *12 (Bankr. D. Del. Apr. 20, 2023) ("Until such time as the case is trial ready or the district court otherwise elects to withdraw the reference ... this Court may exercise the subject-matter jurisdiction granted to the district court (and referred to this Court) by addressing pre-trial

matters, including the present motion [for summary judgment].”); *In re Murphy*, 569 B.R. 402, 415 (Bankr. E.D.N.C. 2017) (holding that “a bankruptcy judge can ... make a determination of the appropriate venue for a personal injury tort or wrongful death claim under 28 U.S.C. § 157(b)(5)”); *In re Smith*, 389 B.R. 902, 911 (Bankr. D. Nev. 2008) (“Section 157(b)(5) refers only to where a matter may be tried ... .  This wording is a far cry from a grant of exclusive jurisdiction to the district court of all personal injury and wrongful death claims.”); *see also* 1 COLLIER ON BANKRUPTCY ¶ 3.06[1], at 3-89 to -90 (Richard Levin & Henry J. Sommers eds., 16th ed.) (reflecting on the various approaches courts have taken in determining the scope of a bankruptcy court’s post-referral authority to hear and determine certain pretrial issues in personal injury tort cases).  And, critically, the current General Order of Reference for the Eastern District of Louisiana permits the district court to determine whether or not it should refer an action involving personal injury tort claims to the bankruptcy court to address pretrial matters.  Gen. Order of Reference ¶ 1(B) (E.D. La. Apr. 22, 2021).  Rather than categorically preventing the referral of such claims for all purposes, the district’s General Order of Reference merely specifies that they are not automatically referred to the bankruptcy court and cannot be tried there.  *Id.*  In sum, then, plaintiffs’ objections fail to persuade the Court under the Rule 54(b) standard that it should reverse its referral of the matter to the bankruptcy court based largely on that court’s gatekeeping function under the *Barton* doctrine.

## B.  Whether Withdrawal of the Order of Reference is Warranted

Alternatively, plaintiffs argue that the permissive withdrawal provision of 28 U.S.C. § 157(d) supports a withdrawal of the Court’s Order of Reference.[25]  Defendants, in turn, “submit that the Court should review whether to withdraw the reference *de novo* in the first instance.”[26]

---

[25] R. Doc. 13-1 at 8-11.
[26] R. Doc. 14 at 8.

The permissive withdrawal provision of § 157(d) authorizes a district court to withdraw an order of reference for "cause shown." 28 U.S.C. § 157(d). The Fifth Circuit, in *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985), enumerated the factors that should guide a court in determining whether there is cause for withdrawal. The *Holland* factors have been summarized as:

> (1) whether the matter at issue is a core or a non-core proceeding, (2) whether the proceedings involve a jury demand, and (3) whether withdrawal would further the goals of (a) promoting uniformity in bankruptcy administration, (b) reducing forum shopping and confusion, (c) fostering the economical use of the debtor's and creditors' resources, and (d) expediting the bankruptcy process.

*In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 874 (E.D. La. 2011) (footnote omitted). Given the Court's referral of the action based upon the bankruptcy court's gatekeeping function under the *Barton* doctrine, the Court finds that an evaluation of the first *Holland* factor at this stage would be premature.[27] As for the second factor, the parties dispute whether a jury demand has been made,[28] and so the Court similarly declines to resolve this issue (or the issue of plaintiffs' entitlement to a jury) at this juncture. Regardless, a party's entitlement to a jury trial does not require the immediate withdrawal of an order of reference. *See Post Confirmation Bd. of Wadleigh Energy Grp., Inc. v. Wadleigh*, 516 B.R. 850, 854-55 (E.D. La. 2014); *In re OCA, Inc.*, 2006 WL 4029578, at *5 (E.D. La. Sept. 19, 2006) (observing that "even if a party does have a right to a jury trial, a motion to withdraw is premature until such time it is determined that a jury trial must be conducted," and "[u]ntil that time, it may better serve judicial economy ... for the bankruptcy court to resolve pre-trial matters"). And, finally, this Court, in its Order of Reference, concluded – and again does so – that referral was appropriate given due

---

[27] Indeed, the referral statute requires the bankruptcy court to "determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding." 28 U.S.C. § 157(b)(3).

[28] *Compare* R. Doc. 14 at 12-13 *with* R. Doc. 17 at 6.

consideration of judicial economy and the efficient use of the parties' resources.[29]  Thus, the Court

denies, at this stage, plaintiffs' alternative request under § 157(d) to withdraw the Order of

Reference.

**IV.     CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that plaintiffs' motion for reconsideration or, alternatively, withdrawal,

of the Court's Order of Reference (R. Doc. 13) is DENIED.


New Orleans, Louisiana, this 15th day of August, 2023.




BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[29] R. Doc. 12 at 3 ("This manner of proceeding is both sound, in that it achieves efficiency in the administration of justice, and necessary, in light of the bankruptcy court's special interest and charge under the *Barton* doctrine.").